## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 15 2017, 5:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

P. Jeffrey Schlesinger
Office of the Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Edward Smith,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 15, 2017

Court of Appeals Case No.
45A03-1609-CR-1974

Appeal from the Lake Superior
Corut

The Honorable Salvador Vasquez,
Judge

Trial Court Cause No.
45G01-1308-FC-89

**Vaidik, Chief Judge.**

# Case Summary

Edward Smith appeals his convictions for child molesting and criminal confinement, arguing that the trial court should have declared a mistrial after the prosecutor, during her closing argument, commented on Smith's failure to speak with police after the incident in question. Finding no error, we affirm.

# Facts and Procedural History

The evidence supporting Smith's convictions can be summarized as follows. On June 26, 2013, eleven-year-old K.C. was waiting for a friend in the hallway of an apartment building in East Chicago when Smith approached her and asked her name and age (Smith lived in the building, K.C. did not). K.C. did not answer, and Smith grabbed her by the wrist and pulled her into his apartment. Inside, he pulled down K.C.'s pants and underwear, kissed K.C.'s neck, and placed his penis on her buttocks. Around that time, Smith's wife returned from a trip to a store and saw Smith with K.C. Smith's wife confronted him, and the two began to fight. When the fight spilled out of the apartment, a neighbor, Alice Simpson, pulled Smith off of his wife. Smith's wife told Simpson that she had just caught Smith standing over a "baby" with her pants pulled down. Court's 6/30/16 Ex. 1. As a crowd started to gather, Smith "took off." *Id.* Simpson went with Smith's wife back to Smith's apartment and saw K.C., who looked "scared." *Id.* K.C. went home and told her mother what had happened. A police officer responded to a report of a

domestic disturbance and spoke with Smith's wife and then with K.C. and her mother.

[3] The State charged Smith with child molesting and criminal confinement. At trial, the jury heard testimony from K.C., her mother, and two investigating officers, and it listened to a recording of an evidentiary deposition of Simpson. Smith's wife did not testify against him, but Simpson and one of the officers testified about the incriminating statements Smith's wife had made during and immediately after the quarrel. During the prosecutor's closing argument, she discussed Simpson's testimony that Smith left the scene:

> You also heard Alice Simpson testify that when she looked up, he was gone. Ladies and gentlemen, I would argue that you can absolutely consider the fact that that was his consciousness of guilt. If he didn't feel like he did anything wrong, if everybody is lying, why did he run away? Why did he run away? Why wouldn't he talk to the police?

Trial Tr. p. 193. At that point, Smith's attorney objected, and the following sidebar ensued:

> Defense:    I'm moving for a mistrial at this point. The State has shifted the burden, commenting on his right not to make a statement. She said why wouldn't he stay there and explain what happened.
>
> Prosecutor:    Your Honor, may I respond?
>
> Court:    You may respond.

Prosecutor: I move to strike the last comment and leave it at the fact that he ran away because there was testimony that -- that Alice Simpson saw him leave.

Court: Correct. It's commentary about what the witness saw the defendant do, leaving after she approached the defendant, not necessarily a commentary on his right not to testify. I do not believe that the comment made by the Prosecutor in this instance rises to a level of mistrial. All right. This -- and your request is denied.

Defense: It's still not proper. I don't believe it's proper what she said, commenting on his right not to stay there and explain himself. How can she comment to his right to remain silent? To preclude him from doing that.

Court: Again, she didn't make a comment about his right to remain silent or be a witness.

Defense: If he did stay there and explain what happened. That's what she just said. That's commenting on his right not to say anything.

Court: Well, I -- I disagree. The Prosecutor said why didn't he talk to the police.

Defense: They can't comment on his right to remain silent.

Prosecutor: But he wouldn't have been under arrest at that point.

> Court:  No, he wasn't. I disagree. Request to have this case declared a mistrial is denied. Okay.

[4] *Id*. at 194-95. The prosecutor then finished her argument with no further reference to Smith's silence. The jury found Smith guilty as charged, and the trial court sentenced him to ten years in prison.

[5] Smith now appeals.

# Discussion and Decision

[6] Smith contends that the prosecutor engaged in misconduct when she asked why Smith would not talk to police after the incident and that the trial court therefore should have granted his motion for a mistrial. A defendant claiming prosecutorial misconduct must show (1) that misconduct occurred and (2) that the misconduct, under all of the circumstances, placed him in a position of grave peril to which he would not have been subjected otherwise. *Ryan v. State*, 9 N.E.3d 663, 667 (Ind. 2014). "The gravity of peril is measured by the probable persuasive effect of the misconduct on the jury's decision rather than the degree of impropriety of the conduct." *Id.*

[7] Smith maintains that he properly preserved his misconduct claim by objecting and requesting a mistrial and that we should therefore review the trial court's ruling on his motion as we typically review such rulings: for an abuse of discretion. *See Knapp v. State*, 9 N.E.3d 1274, 1283 (Ind. 2014) ("[G]ranting or denying a mistrial is reviewed only for abuse of discretion."). The State, on the

other hand, asserts that Smith failed to preserve his claim because he did not ask the trial court to admonish the jury before he moved for a mistrial and that he is therefore required to show that the trial court committed fundamental error by not ordering a mistrial.

[8] We need not decide who is right about the standard of review, because even under the more forgiving abuse-of-discretion standard, Smith cannot prevail. Both the United States Supreme Court and this Court have held that a defendant claiming a Fifth Amendment violation with regard to pre-arrest, pre-*Miranda* silence generally must have expressly invoked the privilege against self-incrimination at the time of the silence. *Salinas v. Texas*, 133 S. Ct. 2174, 2179-80 (2013); *Owens v. State*, 937 N.E.2d 880, 891 (Ind. Ct. App. 2010), *reh'g denied*, *trans. denied*. Here, Smith does not claim that he invoked the privilege against self-incrimination, he does not meaningfully distinguish this case from *Owens*, and he does not even mention *Salinas*. Therefore, he has not established that the prosecutor committed misconduct when she referred to his pre-arrest silence.[1]

---

[1] In his opening brief, Smith cited *Doyle v. Ohio*, 426 U.S. 610, 619 (1976), where the United States Supreme Court held that the State's use of a defendant's **post-arrest**, **post-*Miranda*** silence to impeach the defendant violates the Due Process Clause of the Fourteenth Amendment, and *Wisehart v. State*, 693 N.E.2d 23, 64 (Ind. 1998), where the Indiana Supreme Court cited *Doyle* for the proposition that the State cannot comment on a defendant's **post-arrest**, **post-*Miranda*** silence for any purpose during trial. In his reply brief, however, Smith conceded that the comment at issue here concerned **pre-arrest**, **pre-*Miranda*** silence. *See* Appellant's Reply Br. p. 6.

[9] Even if the prosecutor had engaged in misconduct, Smith has not convinced us that her comment placed him in a position of grave peril to which he would not have been subjected otherwise, i.e., that the comment probably affected the jury's verdict. *See Ryan*, 9 N.E.3d at 667. First, the comment was isolated; Smith does not claim that there were any other references to his silence. Second, the jury was specifically instructed both at the beginning and at the end of trial that the arguments of counsel are not evidence. Appellant's App. Vol. II pp. 96, 118. Third, and most importantly, the evidence against Smith was substantial. K.C.'s own testimony about what happened was corroborated by Simpson's testimony that Smith's wife told her about finding Smith standing over a "baby" who had her pants pulled down, as well as Simpson's own observation of a "scared" K.C. in Smith's apartment. In addition, Smith's flight from the scene is evidence of consciousness of guilt. *See Myers v. State*, 27 N.E.3d 1069, 1077 (Ind. 2015), *reh'g denied*. Given the strength of the State's case, we find it highly unlikely that the jury would have reached a different verdict but for the prosecutor's comment.

[10] Affirmed.

Bradford, J., and Brown, J., concur.